UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY RICARDO JACKSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PAROLE COMMISSION, et al.,<br><br>Respondents. | Case No. 1:15-cv-01579-MJS<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND PETITION FOR WRIT OF MANDAMUS**<br><br>**(ECF NOS. 1, 10)**<br><br>**CLERK TO CLOSE CASE** |

Petitioner is a federal prisoner proceeding pro se. Respondents Andre Matevousian, Warden, and the United States Parole Commission are represented by Assistant United States Attorney Brian Fogerty. The parties have consented to Magistrate Judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 8.)

Petitioner initiated this action on October 16, 2015 with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2441. (ECF No. 1.) Then, on October 26, 2015, he filed in this action a petition for writ of mandamus pursuant to 28 U.S.C. § 1361, raising the same claims. He alleges that, on April 15, 2015, while he was incarcerated at United States Penitentiary, Atwater ("USP Atwater), Warden

Matevousian executed a D.C. parole violator warrant against Petitioner. Petitioner claims that a parole revocation hearing was not timely held, in violation of Petitioner's constitutional rights and applicable regulations and procedures. He seeks immediate release from custody.

## I.      Factual and Procedural History

Petitioner's claims involve a somewhat complicated procedural history.

On February 1, 1984, in the District Court for the District of Columbia, Petitioner pled guilty to armed robbery and was sentenced to a term of ten to thirty years. (ECF No. 13-1 at 2.) On April 21, 1992, Petitioner was released on parole and was to remain on parole until January 25, 2013. (Id. at 3, 4.)

In November 1992, a stabbing occurred that remained unsolved for several years. Sometime in 1997 or 1998, Petitioner was arrested in relation to that incident on charges of conspiracy to commit murder and conspiracy to distribute heroin. (Id. at 12, 16.) In relation to these and other charges arising in 1996 and 1997, the D.C. Parole Board issued a parole violation warrant, charging Petitioner with violating the terms of his parole. (Id. at 5.) The warrant was issued on January 16, 1998. It thereafter was lodged as a detainer at the facility where Petitioner was detained. (See id. at 7.) On November 19, 1998, jurisdiction over D.C. Superior Court parolees, including Petitioner, was transferred to the Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997.

On July 23, 1999, Petitioner was convicted in the Superior Court of the District of Columbia of conspiracy to commit first degree murder and conspiracy to distribute drugs in relation to the 1992 incident. (Id. at 8.) The court sentenced Petitioner to a twenty–four year term of incarceration. (Id.) The prior parole violation warrant was lodged as a detainer with the Bureau of Prisons. (Id. at 11.)

On October 26, 2004, the Parole Commission amended the parole violation charges underlying the 1998 warrant, to include a new violation based on Petitioner's

1999 conviction. (Id. at 12.) Then, on October 27, 2004, the Parole Commission sent Petitioner a letter advising him of its intent to conduct a "combined initial/reconsideration and dispositional revocation hearing." (Id. at 13.) The letter stated: "The purpose of this hearing will be to make a decision on revocation of your release on your earlier sentence, to determine when your violator warrant should be executed, and to make a parole/reparole decision on both you're [sic] violator term and your new sentence." (Id.)

The combined initial/dispositional revocation hearing was held on February 5, 2005. (Id. at 15.) The Hearing Summary notes that Petitioner's counsel objected to the hearing:

> Counsel objected to the hearing being conducted stating the Commission had no jurisdiction pursuant to Long vs. Gaines.[1] Counsel stated that because this hearing was being conducted in the form of a Revocation Hearing, the subject was not afforded a hearing in a timely manner. Counsel was asked if the delay adversely effected [sic] his client's ability to defend himself against any of the charges and he would not respond based on the Long vs. Gaines matter.

(Id. at 15.)

Petitioner's objections were overruled and the hearing proceeded. (Id.) The Commission found that Petitioner had committed four violations. (Id.) The Commission ordered as follows:

> Execute the U.S. Parole Commission's warrant currently lodged as a detainer on your release from the new sentence. Upon execution of the warrant, the unexpired portion of your original D.C. sentence shall commence.
>
> Revoke parole on the violator term. None of the time spent on parole shall be credited.

---

[1] In Long v. Gaines, 167 F.Supp.2d 75 (D.D.C. 2001), the District Court for the District of Columbia addressed constitutional concerns arising out of delays in probable cause and revocation hearings that occurred when authority was transferred from the D.C. Parole Board to the Parole Commission under the National Capital Revitalization and Self-Government Improvement Act of 1997. The Court's holding was limited to parolees held on violator warrants without a timely probable cause or final revocation hearing. As discussed further below, these concerns are not applicable in the instant case.

3

> Continue for a reconsideration hearing on your current sentence and violator term on February 2010 after the service of 60 months from your hearing date of February 1, 2005.

(Id.)

On May 23, 2005, the National Appeals Board affirmed the Parole Commission's decision, stating:

> The National Appeals Board finds no merit to your claim that the U.S. Parole Commission denied you of due process. You were on parole and a detainer had been lodged. The Commission followed its general policy by letting the detainer stand and scheduling your revocation rehearing to coincide with your initial hearing on your new sentence. Further, you have failed to demonstrate or claim any prejudice.

(Id. at 22.)

On November 3, 2009, the Commission conducted a reconsideration hearing. (Id. at 23.) The hearing examiner noted:

> The subject's name recently appeared on the list of prisoner's eligible for consideration under the DC Board of Parole guidelines that went into effect in 1987. He was placed on this docket for the purpose of converting his case to the 1987 guidelines.

(Id. at 23.)

Parole was again denied. (Id. at 27.) The Commission noted that Petitioner's score under the D.C. Board of Parole 1987 guidelines would indicate that Petitioner should be paroled. However, the Commission departed from the guidelines based on the nature, severity, and frequency of Petitioner's offenses. (Id.)

On November 6, 2012, another rehearing was held. (Id. at 29.) Parole was denied and a rehearing was scheduled for November 2015. (Id. at 32.) Petitioner continued to be scored under the 1987 guidelines, but the Commission again found reason to depart from the guidelines. (Id.)

On April 10, 2015, the notice of action for the November 6, 2012 rehearing was amended, apparently because Petitioner was scheduled to be released on his new

4

conviction on April 15, 2015. (Id. at 34.) The amendment stated:

> Deny parole. Continue to expiration on the sentence you are currently serving. In accordance with the Notice of Action dated February 16, 2005, execute the parole violation warrant currently filed as a detainer upon the mandatory release date on the current sentence (April 15, 2015). Continue for a reconsideration hearing on the violator term in November 2015.

(Id.) On April 15, 2015, the violator warrant was executed and Petitioner thereby remained incarcerated. (See ECF No. 1.)

The Commission did not hold a rehearing in November 2015. Instead, a rehearing was scheduled for March 14, 2016. (ECF No. 13-2.) Because briefing in this matter was completed prior to that date, no information regarding the March 14, 2016 hearing is presently before the Court.

## II. Jurisdiction

Petitioner initiated this action on October 16, 2015 with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He then filed a petition for writ of mandamus on October 25, 2015. (ECF No. 10.) He alleges that the Parole Commission failed to comply with the constitution and applicable regulations and he therefore seeks release from custody. The Ninth Circuit has held that a claim based on the denial of a "legally mandated speedy parole revocation hearing" sounds "more properly in mandamus" than in habeas. Johnson v. Reilly, 349 F.3d 1149, 1153-54 (9th Cir. 2003); 28 U.S.C. § 1361. However, Johnson proceeded only against the Parole Commission and no proper respondent for a habeas petition had appeared. Id. Thus, while a petition for writ of mandamus is the proper vehicle for seeking the Parole Commission's compliance with applicable law, it is not entirely clear that mandamus is the only available vehicle, particularly where, as here, Petitioner does not seek compliance, but rather release from custody. Id.

Writ of habeas corpus relief extends to a person in federal custody who can show that he is "in custody in violation of the Constitution or laws or treaties of the United

5

States." 28 U.S.C. § 2241(c)(3). Such claims include challenges to the manner, location, or conditions of the execution of Petitioner's sentence. <u>Tucker v. Carlson</u>, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); <u>Montano-Figueroa v. Crabtree</u>, 162 F.3d 548, 549 (9th Cir. 1998).

Because Petitioner seeks release from custody based on the Parole Commission's alleged failure to comply with the constitution and applicable law, it is somewhat unclear which statute -- § 2241 or § 1361 – confers jurisdiction on the Court. Regardless, as explained below, Petitioners claims are without merit. Accordingly, both petitions will be denied.

**III.    Review of Petition**

    **A.    Legal Standard – Mandamus Relief**

"For mandamus relief, three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1154 (9th Cir. 2003) (internal quotation marks and alterations omitted) (quoting <u>R.T. Vanderbilt Co. v. Babbitt</u>, 113 F.3d 1061, 1065 n. 5 (9th Cir.1997)). Even when these elements are satisfied, the district court retains discretion to deny relief. <u>Id.</u>

    **B.    Petitioner was Afforded Proper Procedures Under the Regulations**

The Parole Commission conducted a combined hearing in 2005 to consider (1) Petitioner's eligibility for parole on his new sentence, and (2) revocation of parole on his earlier sentence. This combined procedure is expressly authorized – and in fact required – by 28 C.F.R. § 2.100(b), which provides:

> If the parolee is serving a new sentence of imprisonment, and is eligible and has applied for parole under the Commission's jurisdiction, a dispositional revocation hearing shall be scheduled simultaneously with the initial hearing on the new sentence. In such cases, the warrant shall not be executed

> except upon final order of the Commission following such hearing, as provided in § 2.81(c).

Indeed, in cases where the Commission has failed to conduct a combined hearing on all of the offender's parole-eligible offenses, a re-hearing as a combined hearing is the appropriate remedy.[2] E.g., Smith v. LaManna, No. 6:06-1431-CMC-WMC, 2007 WL 904282, at *8 (D.S.C. Mar. 22, 2007); Ewell v. Craig, No. 5:06-CV-01035, 2008 WL 2437639, at *2 (S.D.W. Va. Mar. 5, 2008), report and recommendation adopted sub nom. Ewell v. Felts, No. 5:06-CV-01035, 2008 WL 2437634 (S.D.W. Va. June 13, 2008).

Nonetheless, Petitioner contends that he was entitled to an *additional* revocation hearing within ninety days of April 15, 2015, when the warrant was executed. This argument is based on 28 C.F.R. § 2.49(f). While this section sets forth certain time restrictions on revocation hearings, it applies only to United States Code Prisoners and Parolees. See 28 C.F.R. Ch.1, Pt. 2, Subpt. A. Here, Petitioner was convicted in the D.C. Superior Court for D.C. Code violations, and § 2.49 is inapplicable.

A provision somewhat similar to § 2.49 applies to D.C. Superior Court parolees. See 28 C.F.R. § 2.102(f). It provides:

> A local revocation hearing shall be held not later than sixty-five days from the retaking of the parolee on the parole violation warrant. An institutional revocation hearing shall be held within ninety days of the retaking of the parolee on the parole violation warrant.

This provision does not aid Petitioner. Indeed, the applicable regulatory scheme applies different procedures to different types of offenders. For parolees like Petitioner who are under a revocation detainer and also serving a new sentence for which they are eligible

---

[2] The combined hearing was not completely without error. It appears that the Commission therein applied its own parole regulations and guidelines, rather than the guidelines of the D.C. Parole Board, as was the Parole Commission's standard practice at the time. See Sellmon v. Reilly, 551 F. Supp. 2d 66, 73 (D.D.C. 2008). In May 2008, the District Court for the District of Columbia held that this practice violated the ex post facto clause in certain instances. Id. The court ordered the Commission to conduct new parole hearings for affected offenders, "at which time the 1987 Regulations must be correctly applied." Id. at 99. Petitioner underwent just such a rehearing in November 2009. (ECF No. 13-1 at 23.) Thus, to the extent the first hearing was constitutionally defective under the ex post facto clause, that defect was cured. In any event, Petitioner's argument is not predicated on any substantive defect in his parole hearings.

for and seek parole, a combined hearing is the required course. 28 C.F.R. § 2.100(b). For parolees who are under a revocation detainer but serving a new sentence that is not parole-eligible, the Commission may either withdraw the detainer and order parole reinstated upon release from custody, immediately order a dispositional hearing, or let the detainer stand and conduct the hearing at the conclusion of the new sentence. 28 C.F.R. § 2.100(c). For parolees who are not serving a new sentence, but who instead are taken into custody solely on the Parole Commission's warrant, the procedures set forth in 28 C.F.R. § 2.101 and 2.102 – including § 2.102(f), requiring a revocation hearing within ninety days – apply. In other words, Petitioner was provided precisely the procedures required under the regulations. The ninety-day provision he relies on applies to parolees who are not serving a new sentence.

The applicable regulations do not entitle Petitioner to a second revocation hearing. He is not entitled to relief on this basis.

### C. Petitioner was Afforded Due Process

Petitioner contends that he was not afforded due process because he was denied a timely revocation hearing. The Supreme Court has held that alleged parole violators have a due process right to receive a parole revocation hearing within a reasonable time after being taken into custody on a parole revocation warrant. Morrissey v. Brewer, 408 U.S. 472, 489 (1972). This decision arose in the context of parolees being held solely on a warrant, not parolees being held on new offenses who also were subject to a warrant. Id. In any event, nothing in Morrissey suggests that a revocation hearing held prior to the execution of the warrant would violate due process.

Finally, even if due process could be said to have been violated, a parolee must also demonstrate that he was prejudiced by the delay in conducting the revocation hearing before he may claim entitlement to obtain habeas relief. E.g., Benny v. United States Parole Comm'n, 295 F.3d 977, 986 (9th Cir.2002); Camacho v. White, 918 F.2d 74, 79 (9th Cir.1990); Vargas v. United States Parole Comm'n, 865 F.2d 191, 194 (9th

Cir.1988); Hopper v. United States Parole Comm'n, 702 F.2d 842, 845 (9th Cir.1983); United States v. Wickham, 618 F.2d 1307, 1311 (9th Cir.1979). No such prejudice exists here. Petitioner was afforded a revocation hearing within a reasonable time. He participated in both his parole revocation hearing and a reconsideration hearing. Subsequent reconsideration hearings have been scheduled on his violator term. He does not explain how the result would be different had he been afforded an additional hearing within ninety days of execution of the warrant.

### D. Petitioner has not alleged a cognizable Equal Protection violation

.Petitioner alleges in passing that the conduct of the Parole Commission violated his right to Equal Protection under the Fifth and Fourteenth Amendments.

The Fourteenth Amendment does not apply to the federal government. However, equal protection principles "apply to the federal government through the Due Process Clause of the Fifth Amendment." Hamad v. Gates, 732 F.3d 990, 1004 n.11 (9th Cir. 2013) (citations omitted). The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Petitioner does not set forth any facts to suggest intentional discrimination against him, nor does he suggest how any similarly situation individuals were treated differently. He has not set forth a basis for relief on this claim.

9

**IV.     Conclusion and Order**

Petitioner is not entitled to relief. Based on the foregoing his petition for writ of habeas corpus and petition for mandamus are HEREBY DENIED. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   December 5, 2017                    /s/ *Michael J. Seng*
                                                                 UNITED STATES MAGISTRATE JUDGE